**BEFORE THE UNITED STATES
JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

| | |
|---|---|
| IN RE: FACEBOOK, INC., CONSUMER PRIVACY USER PROFILE LITIGATION | MDL NO. 2843 |

**PLAINTIFF HASLINGER'S RESPONSE IN SUPPORT OF MOTION
FOR TRANSFER AND CONSOLIDATION PURSUANT TO 28 U.S.C. § 1407**

**TABLE OF CONTENTS**

I. INTRODUCTION ................................................................................................. 1

II. BACKGROUND .................................................................................................. 1

III. THE RELATED ACTIONS SHOULD BE TRANSFERRED TO AND CONSOLIDATED BEFORE ONE COURT FOR PRETRIAL PROCEEDINGS ..................................................................................................... 3

    A. The Northern District of California Would Be An Appropriate Forum for This Litigation ................................................................................ 4

        1. Facebook Has Ties to the Northern District of California ....................... 4

        2. The Northern District of California Is Convenient for Travel ................................................................................................... 4

        3. The Northern District Is Well-Suited to Manage the Demands of This Action .......................................................................... 5

        4. The Northern District of California Has Experienced Jurists Available to Preside Over This Matter. ................................................... 7

        5. The Northern District of California Is Home to the First Related Action in this Litigation and Thirteen Pending Related Actions ................................................................................... 7

IV. CONCLUSION .................................................................................................... 8

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*BladeRoom Group Ltd. et al v. Facebook, Inc.*,
   No. 15-1370 (N.D. Cal.) (Davila, J.) ................................................................................. 4

*In re Compression Labs, Inc., Patent Litig.*,
   360 F. Supp. 2d 1367 (J.P.M.L. 2005) ............................................................................... 6

*In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*,
   228 F. Supp. 2d 1379 (J.P.M.L. 2002) ............................................................................... 5

*In re Elevator & Escalator Antitrust Litig.*,
   350 F. Supp. 2d 1351 (J.P.M.L. 2004) ............................................................................... 8

*In re Enron Corp. Sec. Derivative & "ERISA" Litig.*,
   196 F. Supp. 2d 1375 (J.P.M.L. 2002) ............................................................................... 6

*In re Facebook Biometric Info. Privacy Litig.*,
   No. 15-3747 (N.D. Cal.) .................................................................................................... 4

*In re: Med. Capital Sec. Litig.*,
   706 F. Supp. 2d 1378 (J.P.M.L. 2010) ............................................................................... 8

*In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mex., on Apr. 20, 2010*,
   731 F. Supp. 2d 1352 (J.P.M.L. Aug. 10, 2010) ................................................................ 3

*In re Potash Antitrust Litig., No. II*,
   588 F. Supp. 2d 1364 (J.P.M.L. Dec. 2, 2008) .................................................................. 3

*In re: Roundup Products Liab. Litig.*,
   MDL No. 2741 (N.D. Cal.) ................................................................................................ 7

*In re Vioxx Prod. Liab. Litig.*,
   360 F. Supp. 2d 1352 (J.P.M.L. 2005) ............................................................................... 5

*In re Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prods. Liab. Litig.*,
   148 F. Supp. 3d 1367 (J.P.M.L. 2015) ............................................................................... 7

*Yahoo! Inc. Customer Data Sec. Breach Litig.*, 223 F. Supp. 3d 1353 (J.P.M.L. 2016) ............................................................................................................................... 4

**Statutes**

28 U.S.C. § 1407 ............................................................................................................... 1, 3

**Other Authorities**

David F. Herr, *Multidistrict Litig. Manual: Practice Before the Judicial Panel on Multidistrict Litig.* §§ 6:1-6:22 (2015) ...................................................................... 3

MANUAL FOR COMPLEX LITIGATION, FOURTH § 20.131 (2004) ................................................. 3, 4

## I. INTRODUCTION

Plaintiff Suzie Haslinger, the named plaintiff in *Haslinger v. Facebook, Inc., et al.*, No. 18-1984-VC (N.D. Cal.), submits this joint response in support of consolidation and transfer of the *In re: Facebook, Inc. Consumer Privacy User Profile Litigation* for coordination of pretrial proceedings.

The Judicial Panel on Multi-District Litigation (the "Panel") has received a motion urging transfer of this action to the Northern District of California, *see* Pls. Mot. For Transfer Of Actions To The N.D. Cal. And Consolidation Pursuant To 28 U.S.C. § 1407, *In re: Facebook, Inc., Consumer Privacy User Profile Litig.*, MDL No. 2843 (Mar. 30, 2018) (ECF Nos. 1, 1-1) ("*Beiner* Mot."), and, as of this filing, one response by Defendant Facebook, Inc. in support, *see* ECF No. 19 (Apr. 6, 2018), and three responses supporting consolidation but opposing transfer to the Northern District of California; one advocates in favor of the Southern District of Texas, *see* ECF No. 16 (Apr. 5, 2018); one, the District of Delaware, *see* ECF No. 57 (Apr. 18, 2018) and the third, the Central District of California, *see* ECF No. 62 (Apr. 20, 2018). Plaintiff Haslinger agrees that the Northern District of California would be an appropriate venue for consolidation. Accordingly, Plaintiff requests transfer and consolidation of this litigation for pre-trial proceedings before either the Honorable Vince Chhabria of the U.S. District Court for the Northern District of California, or one of the many other highly capable judges in the District.

## II. BACKGROUND

On March 30, 2018, *Haslinger. v. Facebook, Inc.*, was filed in the Northern District of California, San Francisco Division. The *Haslinger* case is pending before the Honorable Vince Chhabria.

As of this writing, Plaintiff has identified twenty-one consumer class actions filed across the country between March 20, 2018, and April 16, 2018 (the "Related Actions"), including at

1

least thirteen in the Northern District of California.[1] Each of these actions makes similar factual allegations, seeks certification of similar nationwide and/or statewide classes, and asserts similar facts and claims. Judge Chhabria has been assigned six of the consumer cases pending in the District[2] and there is an administrative motion pending to relate six additional consumer cases.[3] Additionally, there are numerous derivative and securities actions which have been filed, including at least five derivative actions[4] and three securities actions[5] in the Northern District of California. Currently, there is a motion pending to relate these five derivative actions with the consumer cases filed in the Northern District of California.[6]

---

[1] The thirteen consumer cases in the Northern District of California are: *Price v. Facebook, Inc.*, No. 18-1732 (filed Mar. 20, 2018); *Rubin v. Facebook, Inc.*, No. 18-1852 (filed Mar. 26, 2018); *Gennock v. Facebook, Inc.*, No. 18-1891 (filed Mar. 27, 2018); *O'Kelly v. Facebook, Inc.*, No. 18-1915 (filed Mar. 28, 2018); *Beiner v. Facebook, Inc.*, No. 18-1953 (filed Mar. 29, 2018); *Haslinger v. Facebook, Inc.*, No. 18-1984 (filed Mar. 30, 2018); *Kooser v. Facebook, Inc.*, No. 18-2009 (filed Apr. 2, 2018); *Picha v. Facebook, Inc.*, No. 18-2090 (filed Apr. 5, 2018); *Labajo v. Facebook, Inc.*, No. 18-2093 (filed Apr. 5, 2018); *Wing v. Facebook, Inc.*, No. 18-2122 (filed Apr. 6, 2018); *Johnson v. Facebook, Inc.*, No. 18-2127 (filed Apr. 9, 2018); *Gerena v. Facebook, Inc.*, No. 18-2201 (filed Apr. 12, 2018); *King v. Facebook, Inc.*, No. 18-2276 (filed Apr. 16, 2018).

[2] The six consumer cases which have been related and assigned to Judge Chhabria are: *Price*, *Rubin*, *Gennock*, *O'Kelly*, *Beiner* and *Haslinger*.

[3] *See* Plaintiffs Theresa Beiner and Brandon Haubert's Administrative Motion to Consider Whether Cases Should Be Related, *Price v. Facebook, Inc.*, No. 18-1732, ECF No. 37 (Apr. 13, 2018) (The six additional consumer cases are: *Kooser*, *Labajo*, *Picha*, *Wing*, *Johnson* and *Gerena*).

[4] The derivative actions pending in the Northern District of California are: *Hallisey v. Zuckerberg, et al.*, 18-1792; *Martin v. Zuckerberg, et al.*, No. 18-1834; *Ocegueda v. Zuckerberg, et al.*, No. 18-1893; *Karon v. Zuckerberg, et al.*, 18-1929; and *Stricklin Trust v. Zuckerberg*, No. 18-2011.

[5] The securities actions pending in the Northern District of California are: *Yuan v. Facebook, Inc.*, No. 18-1725; *Casey v. Facebook, Inc.*, No. 18-1780; and *Ernestine v. Facebook, Inc.*, No. 18-1868.

[6] *See* Plaintiff Natalie Ocegueda's Administrative Motion to Consider Whether Cases Should Be Related, *Price v. Facebook, Inc.*, No. 18-1732, ECF No. 29 (N.D. Cal. Apr. 9, 2018).

### III. THE RELATED ACTIONS SHOULD BE TRANSFERRED TO AND CONSOLIDATED BEFORE ONE COURT FOR PRETRIAL PROCEEDINGS

The Panel may transfer civil actions to a single district court for coordinated pretrial proceedings upon a determination that (1) the cases involve one or more common questions of fact; and (2) the transfer will serve "the convenience of parties and witnesses and will promote the just and efficient conduct of such actions." 28 U.S.C. § 1407(a). The Panel has received well-reasoned briefing addressing these factors, and there does not appear to be any dispute that the Related Actions should be consolidated. *See, e.g, Beiner* Mot. Therefore, in the interest of judicial economy, the Plaintiff will not repeat uncontested consolidation arguments, and will proceed to the issue of the proper transferee court.

In selecting the transferee court, the Panel considers several factors including, "where the largest number of cases is pending, where discovery has occurred, where cases have progressed furthest, the site of the occurrence of the common facts, where the cost and inconvenience will be minimized, and the experience, skill and caseloads of available judges." MANUAL FOR COMPLEX LITIGATION (FOURTH) § 20.131 (2004); *see also* David F. Herr, *Multidistrict Litig. Manual: Practice Before the Judicial Panel on Multidistrict Litig.* §§ 6:1-6:22 (2015). Two of the Panel's most heavily weighted considerations are (1) the location of the parties, witnesses, and documents and (2) the convenience of the parties. *See In re Potash Antitrust Litig., No. II*, 588 F. Supp. 2d 1364 (J.P.M.L. Dec. 2, 2008). Another consideration is where (or whether) a "center of gravity" of the litigation exists. *See, e.g., In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mex., on Apr. 20, 2010*, 731 F. Supp. 2d 1352 (J.P.M.L. Aug. 10, 2010). In cases involving a transportation or environmental disasters, this makes sense, but, in cases involving cybersecurity, physical location may of little consequence. An additional important

3

consideration in advancing the aims of Section 1407 is selecting a jurist committed to the timely and efficient coordination of discovery and related pre-trial proceedings.

**A.    The Northern District of California Would Be An Appropriate Forum for This Litigation**

In selecting the transferee court, the Panel considers several factors, including "where the largest number of cases is pending, where discovery has occurred, where cases have progressed furthest, the site of the occurrence of the common facts, where the cost and inconvenience will be minimized, and the experience, skill, and caseloads of available judges." MANUAL FOR COMPLEX LITIGATION (FOURTH) § 20.131 (2004). On this basis, it is clear that the Northern District of California would be a fair and appropriate forum for this litigation.

**1.    Facebook Has Ties to the Northern District of California**

Defendant Facebook has substantial ties to the Northern District of California. Facebook is headquartered in the Northern District of California. *See Yahoo! Inc. Customer Data Sec. Breach Litig.*, 223 F. Supp. 3d 1353 (J.P.M.L. 2016) (selecting Northern District of California as the appropriate transferee district because defendant's corporate headquarters were located there "and therefore relevant documents and witnesses are likely to be located there."). In fact, Facebook is already a defendant in many actions pending in the District.[7]

**2.    The Northern District of California Is Convenient for Travel**

While many plaintiffs, counsel, class members, experts and witnesses may reside in California, it is evident that many are located elsewhere across the country and a district with convenient, accessible transportation is a requirement. For example, Plaintiff Haslinger is a

---

[7] *See, e.g., In re Facebook Biometric Info. Privacy Litig.*, No. 15-3747 (N.D. Cal.) (Donato, J.); *BladeRoom Grp. Ltd., et al v. Facebook, Inc.*, No. 15-1370 (N.D. Cal.) (Davila, J.); *Gullen v. Facebook, Inc.*, No. 16-937 (N.D. Cal.) (Donato, J.).

4

resident of Virginia. As such, travel will be needed for some counsel and/or plaintiffs regardless of the transferee court's location.

The Northern District of California is home to three large airports (in Oakland, San Francisco, and San Jose), which allow easy transport for witnesses and parties attending hearings, depositions or other meetings. Transport is also relatively inexpensive. A recent report ranked all three Bay Area airports as less expensive than on average,[8] and a more recent report deemed Oakland to be one of the least expensive American airports in the country.[9] Thus, travel to and within the Northern District of California will be convenient, and potentially more economical, for parties and witnesses. *See In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, 228 F. Supp. 2d 1379, 1381 (J.P.M.L. 2002) (transferring case to the Northern District of California because "the district is an accessible and convenient location for both the domestic and foreign … parties.").

### 3. The Northern District Is Well-Suited to Manage the Demands of This Action

Determining whether the transferee court has the capacity to handle the litigation is a factor this Panel has considered in the past. *In re Vioxx Prod. Liab. Litig.*, 360 F. Supp. 2d 1352, 1354 (J.P.M.L. 2005) (assigning litigation to a jurist experienced in complex multidistrict products litigation and sitting in a district with the capacity to handle the litigation). The Northern District of California has both the capacity and experience to handle this MDL litigation. The District is currently handling 21 MDL cases.[10] Having concluded 91 MDLs, the

---

[8] Amanda Festa, *2016 Airport Affordability Report*, Cheapflights (July 20, 2016), https://www.cheapflights.com/news/2016-airport-affordability-report.

[9] *2017's Most and Least Expensive U.S. Airports*, RewardExpert, https://www.rewardexpert.com/blog/studies/2017-most-and-least-expensive-us-airports/ (last visited Apr. 20, 2018).

[10] *MDL Statistics Report – Distribution of Pending MDL Dockets by District* (Apr. 16, 2018), U.S. J.P.M.L., http://www.jpml.uscourts.gov/sites/jpml/files/Pending_MDL_Dockets_By_District-April-16-2018.pdf (last visited Apr. 20, 2018).

District has a proven ability to manage MDLs in general in an efficient and expeditious manner.[11]

In addition, this Panel has previously recognized, in the context of other technologically nuanced litigation, that the Northern District of California "is an easily accessible, metropolitan district that is well equipped with the resources that this complex docket is likely to require." *In re Compression Labs, Inc., Patent Litig.*, 360 F. Supp. 2d 1367, 1369 (J.P.M.L. 2005); *see also In re Enron Corp. Sec. Derivative & "ERISA" Litig.*, 196 F. Supp. 2d 1375, 1376-77 (J.P.M.L. 2002) (noting that "a litigation of this scope will benefit from centralization in a major metropolitan center that is well served by major airlines, provides ample hotel and office accommodations, and offers a well developed support system for legal services.").

More generally, the docket conditions of the Northern District of California are notably advantageous as well. The median time from filing to disposition of civil matters within the District is just over seven months, among the shortest in the nation.[12] In the past 12 months the District has terminated 551 cases and boasts a significantly low percentage of cases pending for more than 3 years, at only 5.8%.[13] Lastly, the District currently has no vacancies, whereas the Southern District of Texas has three, the District of Delaware has two and the Central District of California has six.[14]

---

[11] *Multidistrict Litigation Terminated Through Sept. 30, 2017*, U.S. J.P.M.L., http://www.jpml.uscourts.gov/sites/jpml/files/JPML_Cumulative_Terminated_Litigations-FY-2017.pdf (last visited Apr. 20, 2018).

[12] *Comparison of Districts Within the Ninth Circuit*, U.S. Courts, (Dec. 31, 2017), http://www.uscourts.gov/sites/default/files/data_tables/fcms_na_distcomparison1231.2017.pdf. (last visited Apr. 20, 2018).

[13] *Id.*

[14] U.S. Courts, *Current Judicial Vacancies*, http://www.uscourts.gov/judges-judgeships/judicial-vacancies/current-judicial-vacancies (last visited Apr. 20, 2018).

The Northern District of California is a well-equipped court with the judicial resources and experience needed for this case. Therefore, the Northern District of California is well-suited to receive this complex MDL.

### 4. The Northern District of California Has Experienced Jurists Available to Preside Over This Matter.

Likewise, the Northern District of California has a panel of well-qualified and respected jurists adept at presiding over multi-district litigation. The Honorable Vince Chhabria has already been assigned six of the Related Actions pending in the District.[15] Judge Chhabria is a distinguished member of this panel, and is well-versed in the complexities of multidistrict litigation including oversight of *In re: Roundup Products Liab. Litig.*, MDL No. 2741 (N.D. Cal.).

Judge Chhabria is one of many capable jurists with the ability to manage this case efficiently. Jurists in the Northern District of California are faced with many complex and technological cases on a daily basis ranging from product liability disputes to patent, intellectual property, and privacy issues, including two massive consumer data breach cases: *In re Anthem Data Breach Litig.*, 15-MD-02617-LHK (N.D. Cal.) and *In re Yahoo! Inc. Customer Data Sec. Breach Litig.*, 16-MD-02752-LHK (N.D. Cal.). This is to be expected given the District's proximity to Silicon Valley. Constant exposure to issues that will or may be the subject of this litigation surely favors transfer to the Northern District of California.

### 5. The Northern District of California Is Home to the First Related Action in this Litigation and Thirteen Pending Related Actions

With six of the thirteen pending Related Actions in the Northern District of California before Judge Chhabria, transfer to this district is appropriate.

---

[15] Judge Chhabria has already been assigned to six of the Related Actions: *Price*, *Rubin*, *Gennock*, *O'Kelly*, *Beiner* and *Haslinger*.

7

MDL actions are commonly transferred to a forum where one or more similar actions are pending, and the percentage of cases filed in a particular district is also taken into account. *See In re Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prods. Liab. Litig.*, 148 F. Supp. 3d 1367, 1369 (J.P.M.L. 2015) (transferring case to the Northern District of California with "nearly a fifth of all cases filed nationwide."); *see also In re: Med. Capital Sec. Litig.*, 706 F. Supp. 2d 1378 (J.P.M.L. 2010) (district selected because three of four actions were already consolidated there). The first Related Action was filed in this district—and the Panel has expressed a preference for transfer to the forum in which the first-filed action is pending. *See In re Elevator & Escalator Antitrust Litig.*, 350 F. Supp. 2d 1351, 1353 (J.P.M.L. 2004) (holding transferee district "is where the first filed and largest number of actions are pending"). Furthermore, the parties to the Related Actions in the District have been protectively taking steps to self-organize – relating the cases before a single judge – as set forth in Section II.

## IV. CONCLUSION

For the reasons explained above, Plaintiff respectfully requests the Panel transfer and centralize the Related Actions for consolidated proceedings in the Northern District of California.

Respectfully submitted,

Dated: April 20, 2018          **KELLER ROHRBACK L.L.P.**

*/s/ Cari Campen Laufenberg*
Lynn Lincoln Sarko
Gretchen Freeman Cappio
Cari Campen Laufenberg
KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101
(206) 623-1900; Fax (206) 623-3384
lsarko@kellerrohrback.com
gcappio@kellerrohrback.com
claufenberg@kellerrohrback.com

Christopher Springer, Esq.
801 Garden Street, Suite 301
Santa Barbara, CA 93101
(805) 456-1496, Fax (805) 456-1497
cspringer@kellerrohrback.com

***Counsel for Plaintiff Suzie Haslinger***